# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

1) GRETCHEN ARCHER; and )
2) LORIANN WOOD, )
                    Plaintiffs, )
v. ) Case No. 17-CV-134-JHP
3) ALL MY SONS MOVING & STORAGE OF TULSA, INC., a Foreign For Profit Business Corporation; )
4) ALL MY SONS BUSINESS DEVELOPMENT; )
5) RVNB HOLDINGS, INC.; )
6) JONATHAN MARTIN; and )
7) KWANTE CORTEZ HAWKINS, )
                    Defendants. )

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (Dkt. 12). Defendants have filed a Response in Opposition (Dkt. 14). For the reasons detailed below, Plaintiffs' Motion to Remand is **GRANTED**.

## BACKGROUND

Plaintiffs Gretchen Archer ("Archer") and Loriann Wood ("Wood") (together, "Plaintiffs") originally filed their Amended Petition in the District Court of Wagoner County, Oklahoma, asserting claims against five Defendants: (1) All My Sons Moving & Storage of Tulsa, Inc. ("AMS"), (2) All My Sons Business

1

Development ("BDC"), (3) RVNB Holdings, Inc. ("RVNB"), (4) Jonathan Martin ("Martin"), and (5) Kwante Cortez Hawkins ("Hawkins") (collectively, "Defendants"). (Dkt. 2-1). In the Amended Petition, Plaintiffs allege that Archer hired AMS to help move her daughter, Wood, from Oklahoma to Mississippi, and she signed a bill of lading for the interstate transfer of numerous personal property items. (Dkt. 2-1, ¶ 12). On October 30, 2014, four AMS employees appeared at Archer's residence to move those personal property items. (*Id.* ¶ 13). AMS employees were asked to move a safe, which contained various items including jewelry, but the AMS employees were unable to move the safe. (*Id.* ¶ 14-16). Plaintiffs allege the AMS employees stole numerous pieces of jewelry that were in the safe and other items, which had a value in excess of $29,000 but which were not included on the bill of lading. (*Id.* ¶¶ 19-21). Plaintiffs further allege AMS employees damaged other items during the move that were included in the bill of lading, which had a value of $3,699. (*Id.* ¶¶ 28-30).

Plaintiffs assert three causes of action, as well as a claim for punitive and exemplary damages. In the First Cause of Action, Plaintiffs claim breach of contract and negligence by AMS under the Carmack Amendment, 49 U.S.C. § 14706(d)(1), for Wood's damaged property amounting to $3,699.00. (*Id.* ¶¶ 25-34). In the Second Cause of Action, Plaintiffs claim negligent hiring, retention, and supervision by AMS of its employees. (*Id.* ¶¶ 36-42). In the Third Cause of

Action, Plaintiffs claim conversion by Martin and Hawkins by taking Plaintiffs' personal property without consent, and *respondeat superior* liability against AMS. (*Id.* ¶¶ 44-49). Plaintiffs further assert alter ego or *respondeat superior liability* against RVNB and BDC with respect to all causes of action.

On April 11, 2017, Defendants BDC and RVNB removed the case to this Court through the filing of a Notice of Removal as required under 28 U.S.C. §§ 1441, 1445, and 1446. (Dkt. 2). BDC and RVNB assert this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1337(a), because the First Cause of Action raises a claim pursuant to the Carmack Amendment and the matter in controversy for the bill of lading exceeds $10,000. BDC and RVNB assert that all Defendants except Martin consent to removal. (*See* Dkt. 2-2). BDC and RVNB further assert that Martin was served in this action only by publication, and he has not entered an appearance or filed an answer in this matter.

On May 1, 2017, Plaintiffs filed a Motion to Remand pursuant to 28 U.S.C. § 1447(c), contending that (1) the removal of this matter was procedurally defective due to Defendants' failure to obtain unanimous consent for removal and (2) this Court lacks subject matter jurisdiction over this action. (Dkt. 12). Defendants oppose remand. (Dkt. 14).

## DISCUSSION

"Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Federal courts have original jurisdiction over actions brought pursuant to the Carmack Amendment, but "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a).

A party that invokes federal jurisdiction bears the burden of proving removal is proper. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Given the limited scope of federal jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). If the federal district court lacks jurisdiction over the removed case, it must remand the case to the state court. 28 U.S.C. § 1447(c).

Plaintiffs assert removal was improper because Defendant Martin did not consent to removal. RVNB and BDC argue Martin's consent was not required, because he was unable to be found and service on Martin was authorized by

publication on September 2, 2015. Martin has not entered an appearance or answer in this matter.

Removal to federal court is appropriate only if all properly joined and served defendants join in or consent to the removal. 28 U.S.C. § 1446(a). *See Cramer v. Devera Mgmt. Corp.*, 2004 WL 1179375, at *2 (D. Kan. May 27, 2004) ("Courts have interpreted [§ 1446(a)] to establish a unanimity rule whereby all defendants who have been served must join in or consent to the notice of removal.") (citing cases). Consent is not required, however, when the non-joining defendant has not been properly served at the time the removal petition is filed. *See Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002) ("[I]n order to comply with the requirements of § 1446, all *served* defendants must join in the removal petition filed prior to the expiration of the removal period.") (emphasis added).

According to the state court pleadings in this matter, an order directing service by publication with respect to Martin was issued by the Wagoner County District Court Judge on July 2, 2015. (Dkt. 2-4, at 21). An Amended Notice of Service of Summons by Publication was issued by the Wagoner County District Court Clerk on September 2, 2015, pursuant to 12 Okl. St. § 2004(C)(3). (Dkt. 2-4, at 30). Under § 2004(C)(3), service by publication is complete when notice is published in a newspaper published in the county where the petition is filed, one day a week for three consecutive weeks. 12 Okl. St. §§ 2004(C)(3)(c)-(d).

RVNB and BDC do not dispute that service on Martin by publication in accordance with the Oklahoma statute occurred. Rather, they assert that Martin's consent to removal was not required, because he has not appeared or responded to the notice, and there is no evidence that Martin took actual or constructive notice of service via publication. RVNB and BDC argue that at least one Circuit court has held that such circumstances meet the "nonservice" exception to the unanimity rule, citing *Lewis v. Rego Company*, 757 F.2d 66, 68 (3d Cir. 1985).

The Court disagrees with RVNB and BDC's assessment. RVNB and BDC cite no authority that would suggest a defendant who is served via publication, even if he fails to appear or answer, falls into the "nonservice" exception to the unanimity rule. *Cf. GMFS L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1353-57 (S.D. Ala. 2003) (requiring remand when non-appearing defendants served by publication did not consent to removal, noting, "a rule that unanimity is required unless it cannot be obtained is no rule at all."). In *Lewis*, the court concluded the removal notice was sufficient because it was unclear from the notice whether the non-consenting and non-appearing defendant had been served in the state proceeding at the time of removal. 757 F.2d at 68. By contrast, in this case it is undisputed that service on Martin was authorized via publication over two years ago. Moreover, the Notice of Removal itself states that "Martin was not served, *except by notice*." (Dkt. 2, at 2).

6

While the state court records do not include any affidavit of service by publication with respect to Martin, the Court finds the available records and the Notice of Removal sufficiently indicate Martin was served via publication. To the extent any doubt remains as to whether Martin was actually served, the Court is obliged to resolve such doubts against removal. *See Fajen*, 683 F.2d at 333.

Accordingly, the Court remands this case to the District Court of Wagoner County, Oklahoma, because Defendant Martin did not consent to removal and the unanimity rule has not been satisfied.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand (Dkt. 12) is **GRANTED**.

**IT IS SO ORDERED** this 18th day of December, 2017.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma